AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of Oklahoma

FILED
DEC 09 2021
Mark C. McCartt, Clerk
U.S. DISTRICT COURT

| | |
|---|---|
| United States of America<br>v.<br><br>__RONNELL DONTAE BUTLER__<br>*Defendant(s)* | Case No. 21-mj- 864-SH<br><br>FILED UNDER SEAL |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __November 1, 2021__ in the county of __Tulsa__ in the Northern District of Oklahoma, the defendant(s) violated:

*Code Section*  
18 U.S.C. §§ 1151, 1153, and 113(a)(3)

*Offense Description*  
Assault with a Dangerous Weapon

This criminal complaint is based on these facts:
See Attached Affidavit

☑ Continued on the attached sheet.

*Complainant's signature*

Alex Stadheim, FBI Special Agent
*Printed name and title*

Sworn to before me by phone.

Date: 12/9/21

*Judge's signature*

City and state: __Tulsa, OK__    Hon. Susan E. Huntsman, U.S.M.J.
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF AN ARREST WARRANT IN THE NORTHERN DISTRICT OF OKLAHOMA

I, Alex Stadheim, being duly sworn under oath, do hereby depose and state:

## AGENT BACKGROUND AND INTRODUCTION

1. I am a Special Agent with the Federal Bureau of Investigation (FBI) and am an "investigative or law enforcement officer" of the United States as defined in 21 U.S.C. § 878(a). I am authorized to conduct investigations into violations of Federal law including major crimes occurring on Indian Country. I have been employed with the FBI since May 2017.

2. The statements made in this Affidavit are based in part on: (a) my personal participation in this investigation; (b) information provided to me by other law enforcement officers, in particular officers and/or detectives of the Tulsa Police Department, and their reports; and (c) the training and experience of myself and other law enforcement agents, detectives, and officers. The statements of others are related herein, they are related in substance and part. Because this Complaint is being submitted for a limited purpose, I have not set forth every fact that I know concerning this investigation. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

3. The facts in this affidavit come from my personal observations, training and experience, and information obtained from other agencies and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that on or about November 1, 2021, RONNELL DONTAE BUTLER (BUTLER), (DOB \*\*-\*\*-1996), an enrolled member (roll number 108628) and citizen of the Muscogee (Creek) Nation, violated Title 18, United States Code, Sections 1151, 1153, and 113(a)(3) (Assault with a Dangerous Weapon).

5. At all times relevant to this Complaint, BUTLER was an enrolled member of the Muscogee (Creek), a federally recognized Indian tribe.

6. The residence located at 202 E. 44th St., North Tulsa, Oklahoma, is within the Cherokee Reservation, lies within the Northern District of Oklahoma, and is within "Indian Country," as that term is defined under 18 U.S.C. § 1151.

## PROBABLE CAUSE

7. On or about November 1, 2021, BUTLER pointed a firearm at victim T.M.B., a non-Indian, in the presence of their four-year-old daughter, and threatened to kill Victim T.M.B. The violation took place at 202 E. 44th St., N., Tulsa, Oklahoma, which is within the boundaries of the Cherokee Reservation and the Northern District of Oklahoma.

8. On this date, at approximately 11:30 a.m., officers of the Tulsa Police Department (TPD) were dispatched to 202 East 44th St., Tulsa, Oklahoma, in response to several 911 calls made by victim T.M.B. The 911 dispatch log for victim T.M.B.'s call reads, in part:

11:29:18 [11] [Notification] [Police] – HUNG UP AGAIN

11:28:58 [10] [Notification] [Police] – CALLED BACK – STILL SAYING HE IS GOING TO SHOOT HER ON AN OPEN LINE— SHOUTING AT HIM TO GET OUT

11:27:48 [8] [Notification] [Police] – CALLER CB...STATED SHE CAN'T SIT ON THE PHONE AND GET SOMEONE THERE // CALLER ADV HER CHILD'S FTR IS THERE W/ A GUN AND HE WILL SHOOT HER, IF SHE STAYES [sic] ON THE PHONE // CALLER THEN DISCONNECTED THE LINE.

....

11:19:21 [5] [Notification] [Police] – CALLER WHISPERING ON CB THEN HUNG UP AGAIN

11:19:21 [4] [Notification] [Police] – CHILD'S FTR HAS A GUN /
....

11:16:53 [2] **IMPLIED GUN** SAID SHE NEEDS AN OFFICER AND THEN ASKED A MALE WHY HE WAS TRYING TO SHOOT HER / SAYS HER CHILD IS IN THE HSE--- DISCONNECTED.

9. Victim T.M.B. and BUTLER share custody of their four-year-old daughter. Upon their arrival, TPD officers spoke with Victim T.M.B., who stated she and BUTLER got into an argument about BUTLER making child support payments.

10. Victim T.M.B. told law enforcement that the argument escalated, and BUTLER reached into his waistband and pulled out a black semi-automatic handgun. Victim T.M.B. told law enforcement that while she was sitting on the floor, BUTLER loaded a round of ammunition into the chamber, pointed the weapon at Victim T.M.B., and stated several times that he (BUTLER) was going to "[b]low [Victim T.M.B.'s] head off." BUTLER's and Victim T.M.B.'s four-year-old daughter was sitting next to Victim T.M.B. on the floor during the argument. Victim T.M.B. was able to get off the floor and moved towards the kitchen. While in the

3

kitchen, Victim T.M.B. dialed 911, letting dispatchers listen to what was occurring, and, at times, whispering to the 911 Operator that BUTLER was threatening to shoot her and was armed with a firearm.

11. TPD officers searched BUTLER and did not locate a weapon. Victim T.M.B. told TPD officers that her daughter's backpack had been moved from the living room into another room when officers arrived. Victim T.M.B. retrieved the backpack and gave it to officers. A search of the pink backpack revealed a black, 9mm semi-automatic pistol, the gun was not chambered when found by TPD officers. TPD officers could not located a serial number on the weapon.

12. TPD officers placed BUTLER under arrest and he was advised of his *Miranda* rights. When BUTLER realized the officers located the firearm in his four-year-old daughter's backpack, BUTLER stated he would not have allowed his daughter to take the gun.

13. All the above described events took place in Indian Country in Tulsa, Oklahoma, in the Northern District of Oklahoma.

## RELEVANT STATUTES

14. 18 U.S.C. § 1151 provides:

> Except as otherwise provided in sections 1154 and 1156 of this title, the term "Indian country" as used in this chapter, means (a) all land within the limits of any Indian reservation under the jurisdiction of the United States Government, notwithstanding the issuance of any patent, and including rights-of-way running through the reservation (b) all dependent Indian communities within the borders of the United States whether within the original or subsequently

acquired territory thereof, and whether or without the limits of the state and (c) all Indian allotments the Indian titles to which have not been extinguished, including the rights-of-way running through the same.

15. 18 U.S.C. § 1153(a) provides:

> Any Indian who commits against the person or property of another Indian or other person any of the following offenses, namely, murder, manslaughter, kidnapping, maiming, a felony under chapter 109A, incest, a felony assault under section 113, an assault against an individual who has not attained the age of 16 years, felony child abuse or neglect, arson, burglary, robbery, and a felony under section 661 of this title within the Indian country, shall be subject to the same law and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States.

16. 18 U.S.C. 113(a)(3) provides, in relevant part: "Whoever, within the special maritime and territorial jurisdiction of the United States, is guilty of an assault with a dangerous weapon, with intent to do bodily harm[.]"

## CONCLUSION

17. Based on the information set forth in this affidavit, I submit there is probable cause to believe that RONNELL DONTE BUTLER violated 18 U.S.C. §§ 1151, 1153, and 113(a)(3), Assault with a Dangerous Weapon in Indian Country.

_____
Alex Stadheim, Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me by telephone on the 9th day of December 2021.

_____
Honorable Susan E. Huntsman
United States Magistrate Judge